UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEWIS ARTHUR THOMPSON,

                     Petitioner,

                                              Case No. 15-14273
v.                                    Honorable Linda V. Parker

TONY TRIERWEILER,

                     Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Lewis Arthur Thompson ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his conviction for first-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520b(1)(f), and being a fourth felony habitual offender in violation of Michigan Compiled Laws § 769.12. For the reasons stated below, the Courts denies the petition with prejudice.

### I. Background

In December 2012, a jury in the Circuit Court for Kent County, Michigan, found Petitioner guilty of the aforementioned offenses. The Michigan appellate courts affirmed Petitioner's convictions on direct appeal. *People v. Thompson*, No. 314565,

2014 WL 1916688 (Mich. Ct. App. May 13, 2014), *lv. den.* 854 N.W.2d 886 (Mich. 2014).

This Court recites verbatim the relevant facts on which the Michigan Court of Appeals relied when affirming Petitioner's convictions:

> On January 2, 2012, the victim encountered defendant outside of Degage Ministries in Grand Rapids. She observed that he was intoxicated. While the victim and defendant had a previous sexual relationship, it ended before this date but they had remained friends.
>
> After helping him get something to eat, the victim accompanied defendant when he broke into an abandoned building. In the building, defendant continued to drink, and the victim joined him. Defendant eventually demanded sexual intercourse, but the victim refused. He then smashed her head against the wall, choked her, and removed her clothes. He also covered her mouth as she screamed. Defendant then penetrated her vagina with his penis and forced his fingers into her anal cavity, which caused her to bleed from her anus.
>
> After the assault, the victim waited until defendant fell asleep and then left the building to call the police. The police entered the abandoned building and found defendant, who was passed out or asleep, in the basement. When the officers roused defendant, he still appeared intoxicated, and the zipper of his pants was undone. There was blood on his hand. While defendant claimed that he had cut himself, the blood was later tested and matched the victim's DNA. The sexual assault nurse who examined the victim testified that she had an abrasion on her hymen, three vaginal tears, and a labia tear. The nurse testified that these injuries were consistent with the victim's story of the assault.
>
> Defendant, however, testified that he had an ongoing relationship with the victim and that on the night in question, he digitally penetrated her vagina with her

2

consent. Defendant presented another witness-- Bernard
Harper-- who testified that he spoke with the victim the day
after the incident, and that she said she was going to tell the
police that the incident did not happen like she had
previously reported.

*Thompson*, 2014 WL 1916688, at *1.  These facts are presumed correct on habeas

review pursuant to 28 U.S.C. § 2254(e)(1).  *See Wagner v. Smith*, 581 F.3d 410, 413

(6th Cir. 2009).

Petitioner filed the present application for the writ of habeas corpus on

December 3, 2016.  (ECF No. 1.)  Petitioner asserts the following grounds in support

of his request for relief:

I. Defendant-Appellant is entitled to a new trial where there
was insufficient evidence to find for the conviction of first
degree criminal sexual conduct.

II. Defendant was denied the effective assistance of counsel
when trial counsel failed to request full discovery in order
to pursue the only valid defenses available to Defendant,
the issue of consent; and for failing to impeach the state's
witness, with her past criminal history and prior false
allegations of sexual assault.

III. Defendant's due process right to a fiar [sic] trial was
violated when he was denied a fair cross-section of a jury
of his peers, defense counsel was ineffective for failing to
object.

(*Id.*)

## II.  Standard of Review

3

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A decision of a state court is "contrary to" clearly established

federal law if the state court arrives at a conclusion opposite to that reached by the

Supreme Court on a question of law or if the state court decides a case differently than

the Supreme Court has on a set of materially indistinguishable facts.  *Williams v.*

*Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a

state court decision unreasonably applies the law of [the Supreme Court] to the facts

of a prisoner's case."  *Id.* at 409.  A federal habeas court may not "issue the writ

simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or

incorrectly."  *Id.* at 410-11.

4

The Supreme Court explained: "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.' " *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized: "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).

Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or, … could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

5

## III.  Analysis

### A.  Petitioner's sufficiency of the evidence claim.

Petitioner argues that there was insufficient evidence to convict him of first-degree criminal sexual conduct because the victim's testimony was uncorroborated by medical or physical evidence and her credibility was called into question on a number of points.  The Michigan Court of Appeals rejected Petitioner's claim, reasoning:

> In the instant case, the victim testified that defendant smashed her into a wall, choked her, and pulled down her shorts. Defendant then penetrated her vagina with his penis and forced his fingers into her anal cavity. The victim testified that she did not consent at any point. The officers responding to the scene found defendant sleeping or passed out on the floor of the basement with the zipper of his pants undone. He had blood on his fingers, which later was identified as the victim's. The sexual assault nurse detailed that various injuries the victim sustained—abrasions on her hymen, three vaginal tears, and a labia tear—were consistent with the victim's story. Thus, there was sufficient evidence that defendant engaged in sexual penetration with the victim by the use force or coercion.

*Thompson*, 2014 WL 1916688, at *2.  This decision was neither "contrary to," nor "an unreasonable application of, clearly established law[,]" and it was not "based on an unreasonable determination of the facts in light of the evidence presented[.]"  28 U.S.C. § 2254(d).

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In Re Winship*, 397 U.S. 358, 364

6

(1970).  Nevertheless, the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  "[T]his inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' " *Id*. at 318-19 (emphasis in original) (quoting *Woodby v. INS*, 385 U.S. 276, 282 (2010)).  "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (emphasis in original) (citation omitted).

"[A] federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court."  *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011).  Instead, the federal court may grant habeas relief "only if the state court decision was 'objectively unreasonable.' ".  *Id.* (quoting *Renico v. Lett*, 559 U.S. --, 130 S. Ct. 1855, 1862 (2010)).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold."  *Id.* Therefore, for a federal habeas court reviewing a state court's sufficiency-of-the-evidence evaluation, "the only question under *Jackson* is whether that finding was so

insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or re-assess the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "It is the province of the factfinder … to weigh the probative value of the evidence and resolve any conflicts in the testimony." *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992).

Under Michigan law, first-degree criminal sexual conduct is committed when there is "an intrusion into the genital or anal opening of another person, accompanied by one of several possible statutorily enumerated circumstances." *See Farley v. Lafler*, 193 F. App'x 543, 548 (6th Cir. 2006); s*ee also Malcum v. Burt*, 276 F. Supp. 2d 664, 686 (E.D. Mich. 2003) (citing *People v. Garrow*, 298 N. W. 2d 627, 629 (Mich. Ct. App. 1980)). The circumstances enumerated include where "[t]he actor caused injury to the victim and force or coercion is used to accomplish sexual penetration." Mich. Comp. Laws § 750.520b(1)(f).

Petitioner was convicted of first-degree criminal sexual conduct under a theory that he used force or coercion to engage in sexual penetration and caused personal injury to the victim. Force or coercion and personal injury are essential elements of first-degree criminal sexual conduct. *People v. Baker*, 303 N.W. 2d 14, 15 (Mich. Ct. App. 1981). The term "personal injury," for purposes of Michigan's first-degree criminal sexual conduct statute, is defined as "bodily injury, disfigurement, mental

8

anguish, chronic pain, pregnancy, disease, or loss or impairment of a sexual or reproductive organ." Mich. Comp. Laws § 750.520a(j). Under Michigan law, physical injuries need not be permanent or substantial to satisfy the personal injury element of Section 750.520b(1)(f). *See People v. Mackle*, 617 N.W.2d 339, 347 (Mich. Ct. App. 2000).

The testimony supporting a finding of the necessary elements to convict under the statute is summarized in the Michigan Court of Appeals' decision. To the extent Petitioner claims this evidence was insufficient because the victim's testimony was uncorroborated or not credible, he is not entitled to relief. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is, therefore, generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000).

Moreover, the evidence is not rendered insufficient because the victim's testimony was not corroborated. The testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence establishing the elements of the offense beyond a reasonable doubt. *Brown v. Davis,* 752 F.2d 1142, 1144-45 (6th Cir. 1985). The testimony of a sexual assault victim alone is sufficient to support a criminal

defendant's sexual assault conviction. *See United States v. Howard*, 218 F.3d 556, 565 (6th Cir. 2000) (citing *Gilbert v. Parke,* 763 F.2d 821, 826 (6th Cir. 1985)).

The mere existence of sufficient evidence to convict therefore defeats Petitioner's claim. *Id.* In short, Petitioner is not entitled to habeas relief based on his sufficiency of the evidence claim.

Petitioner also claims that there was insufficient evidence to sustain his conviction because he was too intoxicated to form the intent to commit first-degree criminal sexual conduct. The Michigan Court of Appeals rejected Petitioner's argument because "first-degree criminal sexual conduct is a general-intent crime for which the defense of voluntary intoxication is not available." *Thompson*, 2014 WL 1916688, at *2 (quoting *People v. Langworthy*, 331 NW2d 171, 176 (Mich. 1982); Mich. Comp. Laws § 768.37(1)). Michigan Compiled Laws Section 768.37(2) provides that intoxication is an affirmative defense only to a specific intent crime.

The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). "What is essential to establish an element, like the question whether a given element is necessary, is a question of state law." *Sanford v. Yukins*, 288 F.3d 855, 862 (6th Cir. 2002).

10

Likewise, "[d]ue process does not require that a defendant be permitted to present any defense he chooses.  Rather, states are allowed to define the elements of, and defenses to, state crimes."  *Lakin v. Stine,* 80 F. App'x. 368, 373 (6th Cir. 2003) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 484-87 (2000); *McMillan v. Pennsylvania*, 477 U.S. 79, 84-86, (1986)).  The circumstances under which a criminal defense may be asserted is thus a question of state law.  *Id.*  Moreover, a federal habeas court must distinguish a sufficiency of evidence claim from state law claims disguised as *Jackson* claims.  *Sanford*, 288 F.3d at 860 (citing *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir. 1991)).  This Court therefore must defer to the Michigan Court of Appeal's construction of the elements of state crimes.  *See Coe v. Bell*, 161 F.3d 320, 347 (6th Cir. 1998).

In short, because under Michigan law voluntary intoxication is not a defense to the general intent crime of first-degree criminal sexual conduct, Petitioner's claim is without merit.[1]

For the above reasons, Petitioner is not entitled to relief on his first claim.

## B.  Petitioner's ineffective assistance of counsel and jury composition claims

---

[1] Moreover, because voluntary intoxication is an affirmative defense under Michigan law, the prosecutor is not constitutionally required to disprove Petitioner's intoxication.  The Supreme Court has noted: "Proof of the nonexistence of all affirmative defenses has never been constitutionally required …."  *Smith v. United States*, 133 S. Ct. 714, 719 (2013) (quoting *Patterson v. New York*, 432 U.S. 197, 210 (1977)).

Petitioner alleges the ineffective assistance of trial counsel in his second and third claims.   In his third claim, Petitioner also claims he was denied a fair trial because of the under-representation of African-Americans on his jury panel.

To demonstrate the denial of the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test.  First, the defendant must demonstrate that, considering all of the circumstances, his counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. at 689.  In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id*. (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  Second, the defendant must show that counsel's deficient performance prejudiced his defense.  *Id*. at 687.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

"*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.' " *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington*, 562 U.S. at 112).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of

12

ineffective assistance of counsel, and not the State, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Importantly, on habeas review, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-- a substantially higher threshold.' " *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101.

Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to § 2254(d)(1)'s standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. " 'Surmounting *Strickland's* high bar is never an easy task.' " *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S.

13

356, 371 (2010)).  Because of this "doubly" deferential standard, the Supreme Court

indicated in *Harrington*:

> Federal habeas courts must guard against the danger of
> equating unreasonableness under *Strickland* with
> unreasonableness under § 2254(d).  When § 2254(d)
> applies, the question is not whether counsel's actions were
> reasonable.  The question is whether there is any reasonable
> argument that counsel satisfied *Strickland's* deferential
> standard.

*Id*.

Finally, a habeas court analyzing an ineffective assistance of counsel claim

must not merely give defense counsel "the benefit of the doubt." *Cullen v. Pinholster,*

563 U.S. 170, 196 (2011) (internal quotation marks and citation omitted).  Instead, the

court "must affirmatively entertain the range of possible reasons [that counsel] may

have had for proceeding as [he or she] did." *Id*.

Petitioner first claims that his trial counsel was ineffective for failing to

introduce the results of a polygraph examination Petitioner took on April 16, 2012.

Petitioner answered "no" to the questions of whether he forcefully or physically

assaulted the victim to have sex with her.  The polygraph examiner concluded that

there "was no deception indicated" in response to both questions.

The results of a polygraph examination are inadmissible under Michigan law,

however.  *See Amunga v. Jones,* 51 F. App'x 532, 540 (6th Cir. 2002) (*citing People

v. Ray*, 430 N.W.2d 626, 628 (Mich. 1988); *People v. Nash*, 625 N.W.2d 87 (Mich.

Ct. App. 2000)(per curiam)).  As such, Petitioner's counsel was not ineffective for

14

attempting to introduce Petitioner's polygraph examination at trial. *See e.g. Houston v. Lockhart,* 9 F.3d 62, 63-64 (8th Cir. 1993).

Petitioner next claims that his trial counsel was ineffective for failing to impeach the victim with prior false sexual assault allegations she allegedly made. Under Michigan law, a defendant who seeks to admit a prior false sexual abuse allegation must make a sufficient offer of proof, including a demonstration that the accusation was false. *See People v. Adamski*, 497 N.W.2d 546, 551 (Mich. Ct. App. 1993) (citing *People v. Hackett*, 365 N.W.2d 120, 125 (Mich. 1984); *People v. Mikula*, 269 N.W.2d 195 (Mich. Ct. App. 1978)). Petitioner has not provided this Court or the Michigan courts with any affidavits or documentary evidence to establish that the victim made false sexual abuse allegations in the past. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998). Because Petitioner presents no evidence that the victim made prior false sexual allegations, this Court cannot conclude that his trial counsel was ineffective in failing to impeach the victim on this issue.

Petitioner further claims that trial counsel was ineffective for failing to impeach the victim's credibility with her prior convictions for possession of controlled substances and retail fraud. Pursuant to Michigan Rule of Evidence 609, evidence that a witness has been convicted of a crime may not be admitted unless the crime: (1) contained an element of dishonesty or false statement, or (2) contained an element of

15

theft, was punishable by more than one year in prison, *and* has significant probative value on the issue of credibility.  Petitioner's claim fails for several reasons.

First, Petitioner has presented no evidence to this Court or the Michigan courts concerning the victim's prior convictions.  The Michigan Court of Appeals noted that "the victim is not listed on the Department of Corrections website as having such convictions."  *Thompson*, 2014 WL 1916688, at *3, n. 1.  Petitioner's claim is conclusory and unsupported.  Moreover, controlled substances convictions do not contain an element of dishonesty, false statement, or theft.  As such, the convictions would be inadmissible to impeach the victim's testimony.  Petitioner does not indicate whether the victim's retail fraud conviction was a felony or misdemeanor.  As a misdemeanor, the conviction also would be inadmissible to impeach her credibility because the penalty for such an offense would not be punishable by more than one year in prison.[1]  In short, Petitioner fails to show that any of the victim's alleged convictions were admissible for impeachment purposes under Michigan Rule of Evidence 609(a).  Thus, he fails to show that counsel was ineffective for failing to use

---

[1]  Under Michigan law, first-degree retail fraud is a felony punishable by up to five years imprisonment.  *See* Mich. Comp. Laws § 750.356c.  In comparison, second-degree retail fraud is a misdemeanor punishable by no more than one year imprisonment and third-degree retail fraud is a misdemeanor punishable by no more than 93 days in jail.  *See* Mich. Comp. Laws § 750.356d (1) and (4).

these convictions to impeach the victim.  *See, e.g., Pillette v. Berghuis*, 408 F. App'x

873, 890-91 (6th Cir. 2010).

Petitioner next contends that trial counsel was ineffective for failing to call

Ronnie Gaffney or Ronald Jenkins as defense witnesses.  Petitioner has not attached

any offer of proof or any affidavits sworn by the proposed witnesses.  Petitioner offers

no evidence other than his own assertions relevant to whether these witnesses would

have been able to testify and what the content of their testimony would have been.  In

the absence of such proof, Petitioner is unable to establish that he suffered prejudice

due to counsel's failure to call these witnesses to testify at trial.  As such, he fails to

demonstrate the second prong of his ineffective assistance of counsel claim based on

this conduct. *See Clark v. Waller*, 490 F.3d 551, 557 (6th Cir. 2007).

Petitioner next claims that his trial counsel was ineffective for failing to elicit

additional impeachment evidence from Bernard Harper.  Petitioner does not specify

what additional questions trial counsel should have asked Mr. Harper, however.  To

establish a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceedings would have been different, a habeas petitioner "must make

more than merely speculative assertions."  *Bowen v. Foltz,* 763 F.2d 191, 194 (6th Cir.

1985).  This Court cannot conclude that defense counsel performed ineffectively by

not examining Mr. Harper more fully, when the effect of further probing is entirely

speculative on Petitioner's part. *See e.g. Jackson v. Bradshaw,* 681 F.3d 753, 764-65

(6th Cir. 2012).

17

In his third claim, Petitioner alleges that African-Americans were under-represented and systematically excluded from his jury venire.  Petitioner also claims that trial counsel was ineffective for failing to object to this systematic exclusion.[2]

Although Petitioner had no right to a petit jury composed in whole or in part of persons of his race, he did have the right to be tried by a jury whose members were selected by non-discriminatory criteria.  *Powers v. Ohio*, 499 U.S. 400, 404 (1991) (internal citations omitted).  While states may prescribe relevant qualifications for their jurors, members of a community may not be excluded from jury service because of their race.  *Id.*  A defendant, however, may not challenge the make-up of a jury merely because no members of his or her race are on the jury.  *Apodoca v. Oregon*, 406 U.S. 404, 413 (1972).  Instead, the defendant must show the systematic exclusion of people of his or her race.  *Id.*  In order to establish a prima facie violation of this fair cross-section requirement, a defendant must demonstrate:

> (1) that the group alleged to have been excluded is a "distinctive" group in the community;
>
> (2) that the representation of that group in venires from which juries are selected is not fair and reasonable in

---

[2]  Respondent contends that Petitioner's systematic exclusion claim is waived and procedurally defaulted because Petitioner failed to object to the jury panel at trial. As indicated, Petitioner claims his trial counsel was ineffective for failing to object to the jury impaneled in this case.  Ineffective assistance of counsel may establish cause for procedural default.  *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of Petitioner's defaulted claim, the Court finds it easier to consider the merits of this claim.

> relation to the number of such persons in the community; and
>
> (3) that the under-representation is due to the systematic exclusion of the group in the jury selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979).

The main evidence Petitioner offers to demonstrate *Duren*'s second prong is the fact that there were only two African-Americans out of forty prospective jurors in the jury venire for his case. Petitioner must show, however, "more than that [his] particular panel was unrepresentative." *United States v. Allen*, 160 F.3d 1096, 1103 (6th Cir. 1998). "*Duren* states that we look at the 'venires' from which 'juries' are selected[.]" *Id*. (quoting *Duren*, 439 U.S. at 364). " '[A] one-time example of underrepresentation of a distinctive group wholly fails to meet the systematic exclusion element' to establish a prima facie violation of the Sixth Amendment's requirement that jurors in criminal cases be drawn from a fair cross-section of the community." *Gardner v. Kapture*, 261 F. Supp. 2d 793, 802 (E.D. Mich. 2003) (quoting *McGinnis v. Johnson*, 181 F.3d 686, 690 (5th Cir.1999)).

Petitioner further claims that "in Kent County a majority of jurors are drawn from the suburbs and a disproportionate number come from the City of Grand Rapids[.]" (ECF No. 1 at Pg ID 49.) Petitioner does not offer any evidence of the racial composition of the suburbs versus the City of Grand Rapids, or of Kent County overall, to support any allegation of systematic exclusion. Petitioner's claim is thus conclusory and unsupported. *Compare Garcia-Dorantes v. Warren*, 801 F.3d 584,

591-93 (6th Cir. 2015) (systematic exclusion of minority jurors established where several experts, including statisticians, provided hard numbers regarding racial composition in various areas of Kent County in 2001-2002). Moreover, although there was a computer "glitch" between 2001 and 2002 in the Kent County Circuit Court juror selection system, which resulted in the omission of a zip code for an area in the county containing mostly minority group members, *id*. at 587, this computer error was corrected by August 2002. *See id*. at 838. Because Petitioner's jury was selected ten years later, in 2012, he cannot rely on the computer glitch to show a systematic exclusion of African-Americans in the jury selection process.

In short, Petitioner fails to show that African-Americans were systematically excluded from jury service in Kent County at the time of his trial. Conclusory assertions of underrepresentation are insufficient to support a systematic exclusion claim. *See United States v. McCaskill*, 48 F. App'x 961, 962 (6th Cir. 2002) (citing *United States v. Allen*, 160 F.3d 1096, 1103-04 (6th Cir. 1998)). Petitioner's failure to point to any evidence supporting a prima facie violation of the fair cross-section requirement defeats his claim. *Id.* Petitioner, therefore, also fails to show that his trial counsel was ineffective for failing to attack the venire as being under-representative of the African American population in Kent County. Petitioner is not entitled to habeas relief on his claim.

## IV.  Conclusion

20

For the reasons set forth above, the Court concludes that Petitioner is not entitled to the writ of habeas corpus based on the grounds he asserts.  In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make this showing, the petitioner must show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Id.* at 484.  Petitioner fails to make this showing.

Reasonable jurists would not find the Court's conclusion with respect to Petitioner's sufficiency of the evidence claim debatable or wrong.  The state courts did not unreasonably evaluate Petitioner's claim.  Nor would reasonable jurists find the Court's conclusion with respect to Petitioner's ineffective assistance of counsel or jury composition claim debatable or wrong.  The results of Petitioner's polygraph examination were not admissible under Michigan law and Petitioner failed to present evidence that the victim made prior false sexual allegations or previously was convicted of an impeachable offense.  Thus, the state court correctly applied

21

*Strickland* and concluded that trial counsel was not ineffective for failing to try and introduce this evidence.  Petitioner failed to show prejudice resulting from trial counsel's failure to call two witnesses or elicit additional testimony from one witness. Thus, again, the state court correctly applied *Strickland* in rejecting Petitioner's ineffective assistance of counsel claims based on trial counsel's performance in this regard.  Finally, as the state court correctly found, Petitioner fails to satisfy his burden of establishing a prima facie case of a violation of the fair cross-section requirement. For that reason, reasonable jurists would not find this Court's evaluation of Petitioner's claim debatable or wrong.

The Court also is denying Petitioner leave to appeal in forma pauperis.

Accordingly,

**IT IS ORDERED** that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to appeal in forma pauperis are **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 23, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 23, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager

22